FILED

DEC 21 2016

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THE DEPOT, INC., a Montana Corporation, UNION CLUB BAR, INC., a Montana Corporation, and TRAIL HEAD, INC., a Montana Corporation, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CARING FOR MONTANANS, INC., F/K/A BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., HEALTH CARE SERVICE CORP., and JOHN DOES I–X,<br><br>Defendants. | CV 16–74–M–DLC<br><br>ORDER |

Currently before the Court is the joint motion to dismiss of Defendants Caring for Montanans, Inc. ("CFM") and Health Care Service Corporation ("HCSC"). In considering this motion, the Court has determined that additional briefing from both parties is necessary.

Plaintiffs have brought a civil action against Defendants under ERISA § 502(a)(2). Plaintiffs' claim may proceed under this theory only if they have

-1-

plausibly alleged that Defendants are fiduciaries. Plaintiffs argue that Defendants are fiduciaries for two reasons: (1) Defendants "exercise[d] any authority or control respecting management or disposition of [plan] assets"; and (2) Defendants "exercise[d] discretionary authority or discretionary control regarding management of [the] plan[.]" 29 U.S.C. § 1002(21)(A). The parties have thoroughly and adequately briefed the Court regarding the first issue, involving Defendants' conduct with respect to plan assets.

However, the parties have not sufficiently addressed whether Defendants "exercise[d] discretionary authority or discretionary control regarding management of [the] plan." *Id.* Defendants assert that this theory is inapplicable but present no legal argument on the issue. The Complaint contains a legal conclusion stating that the theory applies, and Plaintiffs argue in their response brief—in a two-sentence footnote—that it applies. Neither party presents any legal authority regarding the applicability or inapplicability of the theory to the facts alleged.

Although the Defendant, as the moving party, bears the burden of showing dismissal is warranted, the Plaintiff bears its own burden of alleging facts rather than legal conclusions. Neither party has yet met its burden, and the Court now orders the parties to file supplementary briefings.

Accordingly, IT IS ORDERED that Defendants shall file supplementary briefs in support of their Motions to Dismiss (Docs. 8, 13), not to exceed 2,000 words, on or before January 4, 2016. Plaintiffs shall file a response brief, not to exceed 2,000 words, within 14 days of the filing of Defendants' supplementary brief. No reply brief may be filed.

DATED this 21st day of December, 2016.

Dana L. Christensen, Chief Judge
United States District Court