**ANTHONY F. SHELLEY**
MILLER & CHEVALIER CHARTERED
900 Sixteenth St. NW
Washington, DC 20006
Telephone: (202) 626-5924
Facsimile: (202) 6265801
ashelley@milchev.com

**STEFAN T. WALL**
**MICHAEL D. MCLEAN**
WALL, MCLEAN & GALLAGHER, PLLC
P.O. Box 1713
Helena, MT 59624
Telephone: (406) 442-1054
Facsimile: (406) 442-6455
stefan@mlfpllc.com
mmclean@mlfpllc.com
*Attorneys for Caring For Montanans, Inc.*

**STANLEY T. KALECZYC**
**KIMBERLY A. BEATTY**
**M. CHRISTY S. McCANN**
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 North Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624
Telephone: (406) 443-6820
Facsimile: (406) 443-6883
stan@bkbh.com
kim@bkbh.com
christy@bkbh.com
*Attorneys for Health Care Service Corporation*

///

///

///

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| The Depot, Inc., *et al.*, <br> *Plaintiffs*, <br><br> vs. <br><br> Caring for Montanans, Inc., *et al.*, <br> *Defendants*. | Case No. 16-CV-00074-DLC <br><br> **CARING FOR MONTANANS, INC.'S AND HEALTH CARE SERVICE CORPORATION'S RESPONSE TO THE COURT'S ORDER ON THE RETENTION OF JURISDICTION** |

Defendants Caring for Montanans, Inc. and Health Care Service Corporation respectfully respond to the Court's order of April 10, 2019 requesting the parties' positions on whether to retain federal jurisdiction over the potential state-law claims remaining after the Ninth Circuit's decision in this matter. For the reasons outlined below, Defendants believe that the Court should retain jurisdiction until the case concludes in its entirety; but, at a minimum, it should do so until the time the U.S. Supreme Court determines the upcoming petitions for certiorari that both sides, respectively, will file. Defendants also request that, in the event the Court does retain jurisdiction, it stay proceedings here until the Supreme Court's proceedings conclude.

## BACKGROUND

This case commenced in this Court in June 2016. At that time, Plaintiffs filed an original complaint raising federal claims under the Employee Retirement

Income Security Act ("ERISA"), along with state-law claims. The Court dismissed that complaint, with leave for amendment. Plaintiffs then filed an amended complaint, again raising ERISA and state-law claims. The Court dismissed the amended complaint too. While the case was extant in this Court, Plaintiffs propounded, and Defendants answered, discovery.

Plaintiffs then pursued an appeal with the Ninth Circuit. On February 6, 2019, the Ninth Circuit affirmed dismissal of all ERISA claims, but – as to some state-law claims – reversed this Court's ruling that ERISA preempted state law. *See Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643 (9th Cir. 2019). Additionally, on the state-law allegations that the Ninth Circuit deemed not to be preempted, the Ninth Circuit affirmed their dismissal, agreeing with this Court that those state-law claims – which sounded in fraudulent inducement and misrepresentation – had not been pled with the necessary particularity under Fed. R. Civ. P. 9(b). Finally, the Ninth Circuit left open the possibility that Plaintiffs could seek further to amend their state-law claims to try to plead them with the required particularity; it noted that it would be within this Court's discretion to determine whether to retain federal jurisdiction over any such effort by Plaintiffs, now that the federal ERISA claims' dismissal had been affirmed, or instead to dismiss the case in favor of Plaintiffs pursuing any remaining claims in state court.

2

The time for either side to seek certiorari from the part of the Ninth Circuit's decision unfavorable to it does not expire until June 13, 2019. The parties have conferred and indicated to one another that they each intend to file a petition for certiorari. Plaintiffs seemingly would challenge the dismissal of the ERISA claims, and Defendants would challenge the non-preemption of the state-law claims.

In response to the Ninth Circuit's decision, this Court issued an order on April 10, 2019 asking the parties to brief the issue of whether the Court should retain jurisdiction. This brief is Defendants' response to the order.

## ARGUMENT

"'The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion.'" *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)). Whether to retain jurisdiction turns on "principles of economy, convenience, fairness and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *accord Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). These factors favor the Court's prospective retention of the case, and the Court, therefore, should continue to exercise its jurisdiction over the action until the case's completion.

*First*, judicial economy is served by the Court retaining the case, because the Court has substantial familiarity with the matter, given its overseeing of the case for many months and through decisions on two separate motions to dismiss; plus, a factual record, through discovery, already exists in these proceedings.  The state court, in contrast, would have no such familiarity and would need to "get up to speed" on the matter.  *See In re Nucorp Energy Secs. Litig.*, 772 F.2d 1486, 1491 (9th Cir. 1985) ("The district court was eminently familiar with the facts and issues underlying the [plaintiff's] state claims and was right in not imposing unnecessarily on a state court or on [the defendant] a repetition of pleadings, motions, discovery and other pre-trial proceedings"); *see also Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir. 1989) ("retention of jurisdiction well served the purposes of judicial economy and efficiency," even where federal claim had been dismissed soon after removal to federal court).

Moreover, on judicial economy, it is very possible that, insofar as Plaintiffs do seek to amend their complaint to try to supply the particularity they so far have not, they will be unsuccessful and the case will be quickly dismissed again.  After all, Plaintiffs have tried twice already to plead appropriately, and they have failed.  In the event any remaining state-law claims are destined for another dismissal on the same ground, a requirement to file a new case in another jurisdiction simply to get to that quick ending is highly inefficient.

4

*Second*, on convenience, this forum plainly is convenient for Plaintiffs, as they *chose* to file here in the first instance; this is not a removed case. Defendants also hereby stipulate to the convenience of the forum.

*Third*, as to fairness, there is no unfairness to Plaintiffs to insist that they remain in the forum in which they chose to commence their case. No doubt, they wanted a federal forum because they saw ERISA claims as their main enforcement mechanism. They gambled wrongly on that score, but should be required to live with the consequence of the gamble – namely, pursuing in the same forum any remaining state-law claims. Additionally, it would be unfair to Defendants to relegate them at this juncture to a state forum, when a looming issue will be whether Plaintiffs – in their effort to amend again their complaint – are raising *only* the allegations that the Ninth Circuit said might be permissible. This part of the Ninth Circuit's decision is complicated, as the Court of Appeals did not say that all state-law claims are allowable, but only state-law claims constituting "alleg[ations] that] misrepresentations occurred *prior to* any [ERISA] plan's existence." *Depot*, 915 F.3d at 665 (emphasis added). Should Plaintiffs attempt to plead state-law allegations beyond the limited domain the Ninth Circuit has allowed, those averments would have to be dismissed consistent with the Ninth Circuit's decision and mandate. With Plaintiffs having prompted the expenditure of substantial litigation resources by Defendants in the federal system already, it is unfair to

5

Defendants to divert them to state court to police Plaintiffs' compliance with the Ninth Circuit's decision, with all the costs of seeking to alert the state court to the intricacies of the Ninth Circuit's holding.

*Fourth*, on the same basis, comity is also served by this Court retaining jurisdiction. That is, because the Ninth Circuit has set guardrails for the type of state-law allegations that can survive (assuming the allegations can be stated with particularity), the state court will be placed in an awkward position if the case arrives there. It will need to enforce the Ninth Circuit's decision, and whether it does so correctly would be determined by the *state* appellate system, not the Ninth Circuit. To avoid placing the state courts in the uneasy position of policing a federal appellate ruling, this Court should keep the case.

For all of these reasons, the Court should retain jurisdiction over this case until the case's ultimate completion and closing. At a minimum, however, there is an unassailable basis for the Court to retain jurisdiction for the immediate future – *i.e.*, until the Supreme Court resolves the certiorari petitions that both sides imminently intend to file in the Supreme Court. A variety of results may occur as a result of those petitions. Among them, if the Supreme Court grants certiorari to review the dismissal of the ERISA claims and then reverses the Ninth Circuit (as Plaintiffs assumedly will request), there will remain federal claims in this case, and the retention of jurisdiction will become mandatory. On the other hand, if the

6

Supreme Court grants certiorari in order to review the non-preemption of state-law claims (as Defendants will request), the Supreme Court could reverse the Ninth Circuit in that respect, meaning no claims at all should go forward in this Court or state court.  Were this Court to have, in the meantime, relinquished jurisdiction in favor of a possible restarting of the case in state court, difficult questions would arise as to how then to honor any Supreme Court reinstatement of the ERISA claims or, alternatively, how to enforce any Supreme Court judgment that all state-law claims are preempted.  And any work the state court might have done to begin processing and resolving the case brought to it might be entirely for naught, again depending on the Supreme Court's resolution of the certiorari petitions.  Under these circumstances, the judiciary's resources would be conserved, and the federal and state spheres of authority would best be respected, if the Court retains federal jurisdiction over the case at least until the Supreme Court proceedings conclude. *See Palmer v. Web Indus., Inc.*, No. CV-04-2362, 2007 U.S. Dist. LEXIS 14477, at *5 (D. Ariz. Feb. 26, 2007) (retaining jurisdiction when prospect of further appellate proceedings in federal system still remained).

Finally, Defendants believe that it is appropriate to stay proceedings in this Court presently, if the Court does determine to retain jurisdiction.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

7

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). In this instance, how and if the Court should proceed with the case may be substantially affected by the Supreme Court's resolution of the certiorari petitions, such that staying the case here at this time furthers efficiency.

# CONCLUSION

Defendants respectfully request that the Court retain jurisdiction over this case.

Respectfully submitted this 3d day of May 2019.

        **MILLER & CHEVALIER CHARTERED**
**By:** /s/ Anthony F. Shelley
        **Anthony F. Shelley**
        900 Sixteenth St. NW
        Washington, DC 20006

        **WALL, McLEAN & GALLAGHER, PLLC**
**By:** /s/ Stefan T. Wall
        **Stefan T. Wall**
        P.O. Box 1713
        Helena, MT 59624

        **ATTORNEYS FOR CARING FOR MONTANANS, INC.**

        **BROWNING, KALECZYC, BERRY & HOVEN, P.C.**
**By:** /s/ Stanley T. Kaleczyc
        Stanley T. Kaleczyc
        Kimberly A. Beatty
        M. Christy S. McCann
        800 North Last Chance Gulch, Suite 101
        P.O. Box 1697
        Helena, MT 59624

        **ATTORNEYS FOR HEALTH CARE SERVICE CORPORATION**

# CERTIFICATE OF SERVICE

I hereby certify that, on May 3, 2019, a copy of the foregoing document was served upon the following persons by the following means:

<u>1,2,3,4,5</u>   CM/ECF
             Hand Delivery
             Mail
             Overnight Delivery Service
             Fax
             E-Mail

1. Clerk, U.S. District Court

2. Stefan T. Wall and Michael D. McLean
   Wall, McLean & Gallagher, PLLC
   P.O. Box 1713
   Helena, MT 59624

3. John Morrison and Linda M. Deola
   Morrison, Sherwood, Wilson & Deola, PLLP
   P.O. Box 557
   Helena, MT 59624

4. John Heenan
   Heenan & Cook, PLLC
   1631 Zimmerman Trail
   Billings, MT 59102

5. Stanley T. Kaleczyc, Kimberly A. Beatty, and M. Christy S. McCann
   Browning, Kaleczyc, Berry & Hoven, P.C.
   P.O. Box 1697
   Helena, MT 59624-1697

        /s/ Anthony F. Shelley
        **Anthony F. Shelley**
        900 Sixteenth St. NW
        Washington, DC 20006
        **ATTORNEYS FOR CARING FOR MONTANANS, INC.**

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the undersigned hereby certifies that the attached brief contains 1,741 words, as calculated by the word-processing system used to prepare the brief, excluding the portions excludable under the same Local Rule.  The undersigned also certifies that, pursuant to Local Rule 10.1(a), the brief is type-written and double-spaced in at least 14-point font.

                      By:  **/s/ Anthony F. Shelley**
                              **Anthony F. Shelley**
                              900 Sixteenth St. NW
                              Washington, DC 20006
                              **ATTORNEYS FOR CARING FOR MONTANANS, INC.**