IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

OCT 23 2019

Clerk, U.S. District Cour
District Of Montana
Missoula

| | |
|---|---|
| THE DEPOT, INC., a Montana Corporation, UNION CLUB BAR, INC., a Montana Corporation, and TRAIL HEAD, INC., a Montana Corporation, on behalf of themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CARING FOR MONTANANS, INC., F/K/A BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., HEALTH CARE SERVICE CORP., and JOHN DOES I–X, <br><br> Defendants. | CV 16–74–M–DLC <br><br> ORDER |

On February 7, 2019, the Ninth Circuit issued an opinion affirming in part

and reversing in part this Court's Order of June 23, 2017. The Ninth Circuit

remanded the case to this Court to determine whether it should retain jurisdiction

over the Plaintiffs' state law claims. This case has been stayed pending

disposition of the Defendants' petition for certiorari. Having considered the

parties' briefs regarding supplemental jurisdiction, the Court now declines to

exercise supplemental jurisdiction over Plaintiffs' state law claims and dismisses this case.

Because this Court had federal question jurisdiction over Plaintiffs' now-dismissed ERISA claims, it may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). The Court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3).

This Court has broad discretion over whether to continue to exercise supplemental jurisdiction. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). The decision should rest on "principles of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The Court finds that these considerations weigh in favor of declining continuing jurisdiction. Although the Court is familiar with the facts giving rise to this case, the state court is, too. *See Ibsen v. Caring for Montanas, Inc.*, 371 P.3d 446 (Mont. 2016). And the present action has not gone beyond the pleading stage, suggesting that the factors of economy, convenience, and fairness are fairly neutral in this early phase of litigation. The final factor, comity, weighs strongly in favor

of dismissal because Plaintiffs' state-law claims are novel and complex, and they are most appropriately resolved by the state court in the first instance.

Accordingly, IT IS ORDERED that this matter is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

DATED this 23rd day of October, 2019.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court